PER CURIAM.
The employer/carrier appeals a workers’ compensation order finding that the trauma suffered by claimant was a causative contributing factor to an aseptic necrosis of her hip. We remand for clarification.
The claimant testified by deposition that she injured her hip while picking up jugs of chlorine. The accident was similarly described by Dr. Kriz, who deposed that such a simple act, even if performed on a repeated basis, would not set the stage for a vascular necrosis of the femoral head. According to Dr. Kriz, the cause of claimant’s condition is related to her use of birth control pills and cigarettes.
The only direct evidence of causal relationship between the accident and claim *843 ant’s condition is found in Dr. Dave’s deposition. Although it is questionable whether that deposition and the attached letters were of record, we assume they were because the deputy referred to the deposition in his order and because the parties have so stipulated on appeal.
Dr. Dave testified by deposition that claimant suffered a fall while carrying jugs of chlorine and that the injury which resulted from said trauma produced a possible synovitis which gradually developed a problem of circulatory changes in claimant’s hip joint, thus causing an aseptic necrosis of the head of the femur. However, attached to Dr. Dave’s deposition was a letter written by him prior to the date of deposition in which he noted that claimant receded from any history of a fall. The doctor did not state whether claimant’s condition could be caused by the mere act of carrying jugs.
A medical expert’s opinion does not eliminate the necessity of proving the essential foundation facts in support thereof. Gold Coast Paving Company, Inc. v. Fonseca, 411 So.2d 259 (Fla. 1st DCA 1982). On the record before us, there is no competent substantial evidence upon which to find that claimant suffered a fall. Since Dr. Dave’s opinion is premised upon the history of a fall, which is at variance with the accident as described by claimant, that doctor’s opinion lacks factual foundation and does not support a finding of causation.
However, the brevity of the deputy commissioner’s conclusory order has impeded our review. Accordingly, we decline to reverse at this time and, instead, remand the cause to the deputy commissioner with directions to clarify his order by setting forth his findings of fact and resolving any discrepancies therein.
ROBERT P. SMITH, Jr., C. J., and McCORD and BOOTH, JJ., concur.