PER CURIAM.
Earnest P. Westley appeals the final judgment entered in favor of Hub Cycles, Inc., in this personal injury action. Westley suffered substantial injuries in a motorcycle accident. Through this lawsuit he has attempted to place responsibility for the accident with the dealership that sold him the motorcycle. Unfortunately, Westley’s injuries left him unable to assist in establishing the facts leading to the accident and, therefore, unable to assist in establishing whether there was negligence on the part of Hub Cycles. Without any direct testimony as to the true cause of the accident, Westley attempted to establish negligence through expert testimony. The trial court properly excluded the expert’s opinion as to Westley’s main theory of liability, the position of the fuel petcoek when the motorcycle left the dealership, because there was no factual foundation in support thereof. See Lang Pools v. McIntosh, 415 So.2d 842 (Fla. 1st DCA 1982). Further, the trial court properly granted Hub Cycles’ motion for judgment notwithstanding the verdict because Westley’s secondary theory of liability did not create a jury issue concerning the breach of any duty resulting in injury to Westley.
We reverse the order imposing sanctions against Westley’s counsel because there is insufficient evidence to show that counsel intentionally failed to timely comply with the discovery request. The record does not sufficiently establish that counsel had the relevant document, or was dilatory in obtaining it, to warrant the imposition of sanctions.
Accordingly, we vacate the order imposing sanctions. In all other respects, we affirm.
FRANK, A.C.J., and ALTENBERND and BLUE, JJ., concur.